QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dave Grable (Bar No. 237765)
davegrable@quinnemanuel.com
Mikayla Wasiri (Bar No. 333890)
mikaylawasiri@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Seth Fortenbery (*pro hac vice* forthcoming)
sethfortenbery@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

*Attorneys for Non-party eBay Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>   Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC.,<br><br>   Defendant. | Case No. _____<br>(Relating to United States District Court, District of Columbia Civil Action No. 1:20-cv-03590 (JEB))<br><br>**NON-PARTY EBAY INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND TO QUASH META PLATFORMS, INC.'S AND THE FEDERAL TRADE COMMISSION'S SUBPOENAS TO TESTIFY PURSUANT TO FRCP 30(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: TBD<br>Hearing Time: TBD<br>Hearing Location: TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Non-Party eBay Inc. ("eBay"), by and through their attorneys, and pursuant to Federal Rule of Civil Procedure 26(a)(1) and 45, hereby move this Court to grant its Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) or, alternatively, to Quash Subpoenas to Testify at a Deposition in a civil action (the "Subpoenas") pursuant to F.R.C.P. 45 (the "Motion") served in the lawsuit entitled "*Federal Trade Commission v. Meta Platforms, Inc.*," in the United States District Court for the District of Columbia, Civil Action No. 1:20-cv-03590 (JEB), which unilaterally noticed said depositions to occur in the Northern District of California on (1) February 23, 2023, at 9:00 a.m. at Davis Polk & Wardwell, 1600 El Camino Real, Menlo Park, CA 94025 or remotely and (2) April 14, 2023, at 9:00 a.m. at Federal Trade Commission, 90 7th Street, Suite 14-300, San Francisco, CA 94103 or remotely.  In support of the Motion, eBay submits the following Memorandum of Points and Authorities.

DATED:  March 13, 2023
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  *David M. Grable*
David M. Grable (Bar No. 237765)
Mikayla Wasiri (Bar No. 333890)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3669 (telephone)
Email: davegrable@quinnemanuel.com
Email: mikaylawasiri@quinnemanuel.com

D. Seth Fortenbery (*pro hac vice* forthcoming)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7494 (telephone)
Email: sethfortenbery@quinnemanuel.com
*Attorneys for eBay Inc.*

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I. INTRODUCTION ................................................................................................................1

II. RELEVANT PROCEDURAL HISTORY AND BACKGROUND .....................................3

    A. The Underlying District of Columbia Lawsuit ..........................................................3

    B. The Document And Deposition Subpoenas ...............................................................3

III. THE COURT SHOULD GRANT THE MOTION BECAUSE EBAY HAS PROVIDED DOCUMENTARY EVIDENCE, AND REQUIRING FURTHER IRRELEVANT EVIDENCE WOULD BE BURDENSOME AND NOT PROPORTIONAL ....................................................................................................................6

    A. Legal Standard............................................................................................................6

    B. The Deposition Subpoena Should Be Quashed Or A Protective Order Should Issue .................................................................................................................7

IV. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

Page

## Cases

*AngioScore, Inc. v. TriReme Med., Inc.*,
    2014 WL 6706873 (N.D. Cal. Nov. 25, 2014) ................................................................. 6, 8

*Chevron Corp. v. Donziger*,
    2013 WL 4536808 (N.D. Cal. Aug. 22, 2013) .................................................................... 7

*Compaq Computer Corp. v. Packard Bell Elecs., Inc.*,
    163 F.R.D. 329 (N.D. Cal. 1995) ........................................................................................ 7

*Everlight Elecs. Co. v. Nichia Corp.*,
    2013 WL 6252530 (N.D. Cal. Dec. 3, 2013) ................................................................... 8, 9

*Federal Trade Commission v. Meta Platforms, Inc.*,
    Civil Action No. 1:20-cv-03590 (D.D.C.) (JEB).

*FTC v. Facebook, Inc.*,
    2022 WL 103308 (D.D.C. Jan. 11, 2022) ........................................................................... 3

*In re Alpine Partners, (BVI) L.P.*,
    2022 WL 18956960 (N.D. Cal. Oct. 18, 2022) ................................................................... 7

*In re Kingstown Partners Master Ltd.*,
    2022 WL 1081333, (S.D.N.Y. Apr. 8, 2022) ...................................................................... 7

*KAIFI LLC v. Apple Inc.*,
    2021 WL 3727079 (N.D. Cal. Aug. 23, 2021) .................................................................. 10

*Lemberg Law LLC v. Hussin*
    (N.D. Cal. Jun. 13, 2016) .................................................................................................... 7

*United States v. C.B.S., Inc.*,
    666 F.2d 364 (9th Cir. 1982) ............................................................................................... 7

*United States v. HVI Cat Canyon, Inc.*,
    2016 WL 11683593 (C.D. Cal. Oct. 26, 2016) ................................................................... 8

## Rules and Regulations

Fed. R. Civ. P. 26(a)(1) ................................................................................................................. 1

Fed. R. Civ. P. 26(b)(2)(C)(i) ...................................................................................................... 11

Fed. R. Civ. P. 26(c) ..................................................................................................................... 6

Fed. R. Civ. P. 26(c)(1) ........................................................................................................ 1, 2, 6

Fed. R. Civ. P. 30(b)(6) ............................................................................................... 4, 5

Fed. R. Civ. P. 45 ............................................................................................................ 1

Fed. R. Civ. P. 45(3)(B)(i) .............................................................................................. 6

Fed. R. Civ. P. 45(d)(1) .................................................................................................. 6

Fed. R. Civ. P. 45(d)(3) .................................................................................................. 2

Fed. R. Civ. P. 45(d)(3)(A)(iv) ....................................................................................... 6

**Additional Authorities**

*https://ebay.q4cdn.com/610426115/files/doc_financials/2022/q4/3bc983a1-d8f4-4cda-9257-b27228f85d39.pdf* ............................................................................................. 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

eBay brings this motion seeking protection, as a non-party, against Meta Platforms, Inc. ("Meta"), a litigant that has completely disregarded the bounds of reason and proportionality in third party discovery. The Federal Trade Commission ("the FTC") has sued Meta, alleging that Meta maintains a monopoly on what are called Personal Social Networking Services ("PSNS"). PSNS are "online services that enable and are used by people to maintain personal relationships and share experiences with friends, family and other personal connections in a shared social space." Dkt. 82, ¶ 166 (Substitute Amended Complaint "SAC").[1]

Of course eBay does not provide PSNS. eBay is an online platform that brings buyers and sellers together to buy and sell goods, either through auctions or traditional purchase and sale transactions. *See* eBay 2022 Annual Report, at 4 (Form 10-K) ("eBay is a global commerce leader through our Marketplace platforms which connect millions of buyers and sellers in more than 190 markets around the world.").[2] People and businesses do not use eBay's platform "to maintain personal relationships" or "share experiences with friends."

Meta apparently does not care how close third parties come to providing PSNS. Meta has sprayed at least 160 document subpoenas and 60 deposition subpoenas to non-parties around the country, including on eBay. Dkt. 245, at 2. After receiving a document subpoena in early 2022, eBay sought to explain to Meta why it did not have information relevant to the underlying action. Meta refused to back down, however, and eBay undertook a burdensome search and produced more than two thousand pages of documents proving precisely what eBay told Meta from the beginning: eBay does not offer PSNS, and the only possible competition with Meta is with a distinct Meta product called Facebook Marketplace, which has nothing to do with PSNS.

Undeterred —and without regard to the burdens it is placing on a non-party—Meta served a

---

[1] Unless otherwise noted, record citations are to the docket of *Federal Trade Commission v. Meta Platforms, Inc.*, Civil Action No. 1:20-cv-03590 (D.D.C.) (JEB).
[2] Accessed at (https://ebay.q4cdn.com/610426115/files/doc_financials/2022/q4/3bc983a1-d8f4-4cda-9257-b27228f85d39.pdf).

-1-                                     Case No. _____
NON-PARTY EBAY INC.'S MOTION TO QUASH OR FOR PROTECTIVE ORDER

Rule 30(b)(6) subpoena seeking overly broad corporate testimony from eBay.[3] The breadth of the subpoena is alarming, and includes topics that have no bearing whatsoever on competition or the underlying case, such as "the reasons [eBay] adopted or changed" its privacy policies and practices, the "metrics and methods [eBay] use[s] to measure usage, engagement, or satisfaction of [its] Products . . . and the Company's data and analysis relating to those metrics and methods," and eBay's "policies and practices concerning the retention or destruction of Documents and data since 2012." Ex. A at 17-18 (Topics 7, 9-10). One could be excused from wondering whether Meta is more interested in the FTC matter or how eBay views Meta's Facebook Marketplace product.

Regardless of Meta's motives, preparing a corporate witness to testify to these broad and irrelevant topics would require significant effort from eBay, particularly given that Meta seeks testimony for a timeframe of more than 13 years. Meta also appended a list of more than 300 of Facebook's "features and activities" and sought to depose a corporate witness from eBay regarding "competition with any of [those] features or activities." *See* Ex. A. When pressed at conferral, Meta admitted that only three would be pursued at a deposition as possibly relevant to eBay; but even those features have nothing to do with PSNS and are, instead, focused solely on Facebook Marketplace.

eBay has produced discovery as to Facebook Marketplace as an eBay competitor, not in the PSNS space, but in the e-commerce space. In the course of meet and confer on this deposition subpoena, eBay has gone back to the well to dig for yet more documents for Meta. eBay has also offered to provide a custodian of records declaration to authenticate the materials it has produced to Meta. Preparing and providing a corporate witness to testify would be duplicative of the discovery eBay has already produced (and therefore unjustified given the burden on a non-party).

Meta has violated the principles of proportionality and reason in its third-party discovery efforts in this case, on an overall level and as to eBay in particular. For these reasons, eBay respectfully requests that this Court issue a Protective Order under Federal Rule of Civil Procedure

---

[3] The FTC also served a subpoena seeking a deposition of eBay that incorporated by reference Meta's topics. Ex. C. Through the conferral process, eBay learned this was to preserve its rights under the applicable scheduling order to question eBay's witness in the event Meta is allowed testimony, and the FTC does not seek affirmative testimony because eBay does not fall within the case's PSNS definition. While eBay's motion applies fully to the FTC's subpoena, eBay understands the FTC will withdraw its subpoena in the event eBay's motion is successful.

26(c)(1) to preclude Meta and the FTC from deposing eBay or, alternatively, requests the Court quash the deposition subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3).

## II.     RELEVANT PROCEDURAL HISTORY AND BACKGROUND

### A.     The Underlying District of Columbia Lawsuit

The FTC sued Meta for anticompetitive behavior with respect to PSNS offered by its Facebook application. The FTC accuses Meta of engaging in anticompetitive conduct when it acquired other PSNS, such as Instagram in 2012 and WhatsApp in 2014, and that non-party competitors of Meta, *i.e.*, others who offer PSNS, view the acquisitions as anticompetitive. *See FTC v. Facebook, Inc.*, 2022 WL 103308, at *1, *12 (D.D.C. Jan. 11, 2022); SAC ¶¶ 97, 124.

In the course of discovery, Meta has served at least 160 document subpoenas and 60 deposition subpoenas to non-party entities across the country that range from social networking platforms, such as Snapchat, to e-commerce sites, such as eBay, and to newspapers, such as The New York Times. Dkt. 245, at 2-3. Meta has more recently expressed concerns on the scope of its own discovery. In the underlying case, Meta has taken the position that the PSNS concept has recently "changed," and the FTC needs to explain "what [it] is actually contending, so that [Meta] can frame appropriate discovery from the dozens of non-parties whose depositions have been noticed or likely will be noticed." Dkt. 243-1, at 1-3; *see also id.* at 15 ("The FTC's failure to explain its theory . . . and disclose facts . . . is prejudicial to Meta's ability to defend itself, and specifically its ability to pursue relevant non-party discovery . . . . That discovery . . . will necessarily be targeted to the claims asserted by the FTC. Because we do *not know* what the FTC's theory is for distinguishing [various features], we are left to guess what evidence we might need to develop to undermine it.") (emphasis in original).

### B.     The Document And Deposition Subpoenas

On February 23, 2022, Meta served eBay with a subpoena duces tecum (the "Document Subpoena"), which contained over 40 requests. eBay served its objections and responses to the Document Subpoena and extensively conferred with counsel for Meta, explaining that it does not consider Meta's PSNS to be a competitor. While eBay does compete with respect to Meta's "Facebook Marketplace" service—a site where individuals can market goods for sale—eBay does not

provide services for personal social networking and it has no bearing on the FTC's allegation that Meta is unfairly competing as a PSNS. *See* eBay 2022 Annual Report, at 4 (Form 10-K) ("eBay is a global commerce leader through our Marketplace platforms which connect millions of buyers and sellers in more than 190 markets around the world.");[4] *see also* Facebook Marketplace Learn More ("Marketplace is an e-commerce platform that connects sellers and buyers through meaningful interactions and unique goods.").[5]

Nevertheless, Meta insisted eBay search for documents. In the interest of compromise (and as a showing of good faith), eBay applied search terms across custodians and undertook a substantial review to ensure Meta did not simply have to take eBay at its word. On August 22, 2022, eBay produced nearly 2,500 pages of documents and this production proved the point; eBay discusses Facebook as a competitor in the context of e-commerce, not PSNS. More than four months later, on December 27, 2022, Meta requested further production, specifically documents listed as "sources" in certain presentation slides that eBay had produced. Once again, eBay has agreed to undertake search efforts at Meta's request.

On January 23, 2023, Meta served a subpoena requesting eBay prepare a corporate representative to provide testimony under Federal Rule of Civil Procedure 30(b)(6) (the "Deposition Subpoena"). The subpoena contains 10 topics (with five additional subtopics) and incorporates an appendix listing more than 300 features of Facebook subject to testimony. The topics are not limited to the (irrelevant) issue of eBay's competition with Facebook's e-commerce offering, but are far-flung and invasive, for example covering areas such as "[t]he Company's Privacy Policies and Privacy Practices, including the reasons You have adopted or changed those practices or polices," "The Company's policies and practices concerning the retention or destruction of Documents and data since 2012," and "[t]he metrics and methods You use to measure usage, engagement, or satisfaction on Your products, including in relation to specific groups of users, by demographic or relevant category, and the Company's data and analysis relating to those metrics and methods." Ex. A at 16-18 (Topics 7, 9, 10). Meta unilaterally noticed the deposition for February 23, 2023, and its subpoena instructed

---

[4] *Supra* n.2.
[5] Accessed at (https://www.facebook.com/marketplace/learn-more).

that the timeframe for the deposition topics spanned more than 13 years. *Id*. at 11 (Instruction 2) ("[T]he timeframe of these deposition topics is from January 1, 2010 to the present.").

eBay served its responses and objections on February 3, 2023. Ex. B. eBay stated it was willing to discuss the possibility of providing a custodian declaration to support the authenticity of eBay's produced documents to address one of Meta's topics, but it was unwilling to provide further testimony, primarily on the grounds that eBay is irrelevant to the case and should not be required to undertake burdensome preparation of a witness. *Id*.

Meta and eBay further conferred on February 16, 2023. Meta rejected eBay's proposal that eBay provide a custodian of records declaration, and further indicated it was highly unlikely that Meta would ever accept any form of declaration in lieu of deposition testimony. Meta continued to press for a witness on many topics, including those clearly irrelevant, such as the reason for changes to eBay's privacy policies and practices. eBay expressed concern over the burden associated with preparing a witness, in particular given the temporal scope of the requests—which cover more than a decade, but Meta was unmoved. In response to eBay's concern that no production to date showed it competes with Facebook regarding PSNS, and thus a deposition of any length would be unduly burdensome and not relevant to the facts of the underlying case, Meta indicated it was not bound by the FTC's definition of PSNS and refused to withdraw its Deposition Subpoena.

On March 3, 2023, Meta filed a brief in the underlying case asserting that eBay was among other non-parties that "failed to provide witnesses or dates for the depositions, in violation of the Court's Scheduling Order." Dkt. 245, at 2. On March 10, 2023, Meta sent eBay a March 8, 2023 order in the underlying case requiring nonparties served with a subpoena by Meta such as eBay to confirm availability for the noticed date or propose a reasonable alternative by March 13, 2023.

On March 13, 2023, eBay again met and conferred with Meta and the FTC regarding this motion. eBay explained it could not accept Meta's narrowing proposals on the deposition subpoena and reiterated that it could provide a custodian declaration, consistent with its original responses on February 3, 2023. Counsel for Meta immediately declined this offer, but then later indicated that he would run the proposal by his client again. Meta also raised the possibility of a substantive declaration, although counsel did not have a definitive position from Meta and Meta had already

-5-    Case No. _____
NON-PARTY EBAY INC.'S MOTION TO QUASH OR FOR PROTECTIVE ORDER

rejected that possibility when eBay previously raised it on the February 16, 2023 conferral.[6]

Given the prior positions Meta had taken, including claiming in a court filing that eBay had not timely complied with a scheduling order in a case to which eBay is not a party, and asserting that eBay was obliged to provide a deposition date by March 13, 2023 pursuant to a separate court order, eBay felt compelled to file this motion.[7]

### III. THE COURT SHOULD GRANT THE MOTION BECAUSE EBAY HAS PROVIDED DOCUMENTARY EVIDENCE, AND REQUIRING FURTHER IRRELEVANT EVIDENCE WOULD BE BURDENSOME AND NOT PROPORTIONAL

#### A. Legal Standard

Multiple legal grounds provide relief from an improper subpoena. For one, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* Thus, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A subpoena may also be quashed or modified "if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(3)(B)(i).

In addition, upon motion by a person responding to a discovery request, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Such protective orders are a safeguard against overbroad discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.* 666 F.2d 364, 368-369 (9th Cir. 1982).

Notably, "an evaluation of undue burden requires the court to weigh the burden to

---

[6] Regarding the follow-up document requests, in the interest of compromise, eBay agreed to undertake additional searches and produce documents responsive to the parties' agreements on the Document Subpoena.
[7] If Meta subsequently agrees to accept a custodian of records declaration in lieu of a deposition, eBay will withdraw this motion as moot forthwith.

the subpoenaed party against the value of the information to the serving party, and requires the court's consideration of such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, [and] the particularity with which the documents are described and the burden imposed." *AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 6706873, at *2 (N.D. Cal. Nov. 25, 2014) (quashing document and deposition subpoenas to nonparty after "weigh[ing] the burden of the subpoenas on non-party . . . against the minimal value of this information to Defendants").

The potential benefits of deposing a representative must "outweigh the burden and expense of such depositions." *In re Alpine Partners*, (BVI) L.P., 2022 WL 18956960, at *7 (N.D. Cal. Oct. 18, 2022) (citing *In re Kingstown Partners Master Ltd.*, No. 21-mc-691, 2022 WL 1081333, at *6 (S.D.N.Y. Apr. 8, 2022) ("[T]he Court concludes that Kingstown has not shown that the incremental benefit of additional information which might be elicited from corporate representative depositions of each Respondent outweighs the burden and expense of such potential depositions, given the focus of the FGL Appraisal on the fair value of FGL's shares at the time of the Merger."). In addition, in response to a challenge, "the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, 2013 WL 4536808, *4 (N.D. Cal. Aug. 22, 2013); *see also Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("[I]f the sought-after documents are not relevant . . . , *then any burden whatsoever imposed . . . would be by definition 'undue.'*") (emphasis added).

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, *5 (N.D. Cal. Jun. 13, 2016) (quotation omitted). "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982).

**B.   The Deposition Subpoena Should Be Quashed Or A Protective Order Should Issue**

Good cause exists to quash the Deposition Subpoena and/or issue a Protective Order precluding eBay's deposition. On its face, Meta's Deposition Subpoena is a clear overreach. Several

of the topics bear no connection to the underlying case whatsoever and yet seek eBay's confidential business information, such as "the reasons [eBay] adopted or changed" its privacy policies and practices, the "metrics and methods [eBay] use[s] to measure usage, engagement, or satisfaction of [its] Products, including in relation to specific groups of users, by demographic or relevant category, and the Company's data and analysis relating to those metrics and methods," and eBay's "policies and practices concerning the retention or destruction of Documents and data since 2012." Ex. A at 17-18 (Topics 7, 9-10).

"Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party . . . for the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) (internal quotation omitted). Here, Plaintiffs' request that eBay prepare a witness to testify on disparate and unfocused topics runs afoul of this rule—particularly given Meta designated a timeframe for the testimony sought that spans more than 13 years, (*id*. at 11 (Instruction 2)). Educating a witness on such a massive timeframe (and wide-ranging inquiries) would require significant effort on eBay's part for information of little or no import to Meta in the underlying case. This is the hallmark of undue burden. *See AngioScore, Inc. v. TriReme Med., Inc.*, 2014 WL 6706873, at *3 (N.D. Cal. Nov. 25, 2014) (granting motion to quash because "the Court has weighed the burden of the subpoenas on non-party Spectranetics against the minimal value of this information to Defendants and concludes that it poses an undue burden on the non-party."); *see Everlight Elecs. Co. v. Nichia Corp.*, 2013 WL 6252530, at *3 (N.D. Cal. Dec. 3, 2013) (finding deposition topics to be "overly broad and unduly burdensome" for requesting information spanning 7 years.).

Topics that purport to relate to competition fare no better because the competition on which Meta seeks testimony is not relevant. The operative complaint clearly defines PSNS in a way that does not overlap with eBay's e-commerce platform, and the FTC has explained that "the important question is which other products offer reasonable substitutes for the PSNS applications that Meta offers: if users wanted to leave Facebook and Instagram, to what other applications would they turn to

maintain a network of friends and family, connecting and sharing with them in a communal space?" Dkt. 249, at 11 (emphasis added). eBay is not that application. As but one example, eBay places numerous restrictions on when and why sellers and buyers are allowed to contact one another, including restricting members from sending unsolicited email offers to potential buyers, email messages sent to a member on a mailing list without that member's prior permission, and invitations to join a mailing list that are not related to a member's eBay Store.[8]  When eBay does allow messaging, it is further restricted: for example, eBay does not allow members to exchange personal information like email addresses, phone numbers or other contact information, physical addresses, web addresses, and web links.[9]

Meta has not attempted to argue that eBay offers PSNS, for good reason, as an e-commerce platform (and not a social networking site), eBay does not have these features. Rather, the handful of statements and documents on which Meta seeks to depose eBay relate to competition on e-commerce (as opposed to PSNS) and fall outside the complaint on their face, such as statements that Facebook Marketplace is a competitor of eBay's consumer-to-consumer e-commerce business.[10]

The claims here are specific to PSNS, and the FTC has made clear that Facebook's other features, such as "a marketplace," do not "transform[] firms that do not provide PSNS into substitutes for PSNS." Dkt. 249, at 14 (explaining that Meta's addition of "a marketplace," "does not transform applications such as . . . Craigslist into reasonable substitutes for personal social networking."); *id*. at 7 (explaining the relevant market is "user demand for an online offering through which people can maintain a network of friends and family, and connect and share their daily lives and other experiences in a communal setting. If an application does not provide such an offering, it is neither necessary nor relevant to assess."). Nevertheless, Meta insists eBay must prepare a witness to answer

---

[8] eBay's member-to-member contact policy is available at: https://www.ebay.com/help/policies/member-behavior-policies/membertomember-contact-policy?id=4262
[9] *Id*.
[10] *See, e.g.*, Ex. A at 17 (seeking testimony on document stating "'Consumers who might use [eBay] to buy goods have a wide variety of alternatives, including Facebook' and 'Consumers also can turn to many companies that offer a variety of services that provide other channels for buyers to find and buy items . . . such as . . . Facebook'"; document "which states '[i]n C2C, eBay already lost share to Facebook,'"; and document "describing Facebook Marketplace as '[c]hallenging eBay's eCG and C2C businesses'").

questions about e-commerce competition, including confidential details contained in internal documents relating to eBay's e-commerce services that compete with Facebook Marketplace. But Meta is the only entity contending such competition and services fall within the scope of the case, and eBay should not be forced to divulge further confidential information to a competitor absent a clear showing the information will be relevant and necessary, which is not the case here.

Further, even were aspects of Facebook apart from PSNS remotely relevant, eBay has already satisfied any possible requirement that it provide Meta discovery. Despite being a non-party, eBay has already produced thousands of pages of documents. These documents explain exactly how eBay considers Facebook to be a competitor in the e-commerce space, and no further discovery is needed for Facebook to make any arguments it would like in the underlying case.

These documents should be sufficient, and requiring an eBay witness to undertake the burden of preparing on issues stretching back in time more than a decade is unreasonable and duplicative. *KAIFI LLC v. Apple Inc.*, 2021 WL 3727079, at *1 (N.D. Cal. Aug. 23, 2021) (denying motion to compel and explaining that "Rule 26 provides that the court must limit discovery that is "'unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'") (citing Fed. R. Civ. P. 26(b)(2)(C)(i)).

Finally, Meta's discovery gluttony confirms its request of eBay is not worthy of the burden Meta seeks to impose. eBay is not the sole (or even one of a few) non-parties Meta claims should be required to testify in this case. Meta claims that eBay is one of at least 60 non-party deposition subpoena recipients whose testimony is needed. eBay should not be required to face this burden, when its role is akin to, at best, 1/60th of Meta's defensive case as presented by third party witnesses.

## IV. CONCLUSION

For the foregoing reasons, eBay respectfully requests that its motion to quash, or alternatively for a protective order, be granted.

DATED: March 13, 2023                    Respectfully submitted,

By: /s/ David M. Grable
David M. Grable (Bar No. 237765)
Mikayla Wasiri (Bar No. 333890)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3669 (telephone)
Email: davegrable@quinnemanuel.com
Email: mikaylawasiri@quinnemanuel.com

D. Seth Fortenbery (*pro hac vice* forthcoming)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7494 (telephone)
Email: sethfortenbery@quinnemanuel.com

*Attorneys for eBay Inc.*

# CERTIFICATE OF SERVICE

I am an associate in the law firm Quinn Emanuel Urquhart & Sullivan LLP. My business address is 51 Madison Avenue, 22nd Floor, New York, New York 10010. The foregoing document was also served by emailing a true and correct copy from sethfortenbery@quinnemanuel.com to the addresses set forth below:

Davis Polk & Wardwell LLP
michael.scheinkman@davispolk.com
james.butler@davispolk.com
julia.leff@davispolk.com
nicholas.dangelo@davispolk.com
450 Lexington Ave,
New York, NY 10017
Phone: (212) 450-4000

Federal Trade Commission
Njeri Mugure
nmugure@ftc.gov

At my direction the above motion will also be delivered by hand and by mail to Meta Platforms, Inc.'s registered agent for service of process in California:

Becky Degeorge
2710 Gateway Oaks Drive,
Sacramento, CA 95833

Executed on March 13, 2023 at New York, New York.

/s/ *Seth Fortenbery*
Seth Fortenbery

## ATTESTATION

I, David M. Grable, am the ECF user whose ID and password are being used to file the above Certificate of Service. Pursuant to Local Rule 5-1(h)(3) I hereby attest that Seth Fortenbery has concurred in the filing of the above Certificate of Service.

*/s/ David M. Grable*

David M. Grable